## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| SHEILA I. JONES, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>**Commissioner of Social Security,** )<br>)<br>    *Defendant* ) | Docket No. 07-92-B-W |

### *REPORT AND RECOMMENDED DECISION*[1]

This Social Security Disability ("SSD") appeal[2] contends that the administrative law judge failed to make adequate findings concerning the plaintiff's credibility, was required to do more when the plaintiff declined to be represented by counsel at the administrative hearing, failed to order follow-up psychological testing that was required under the circumstances and lacked substantial evidence in the record to support his finding with respect to the plaintiff's ability to perform her past relevant work. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff was insured for benefits only through June 30, 2000,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she weeks reversal of the commissioner's decision and to complete and file a fact sheet available in the Clerk's Office. Oral argument was held before me on February 29, 2008 pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.
[2] It is not clear whether the administrative law judge in this case was considering SSD benefits alone or both SSD and SSI benefits. Counsel for the parties confirmed at oral argument that only SSD benefits are at issue in this appeal.

1

Finding 1, Record at 15; that before her date last insured she suffered from the severe impairment of chronic obstructive pulmonary disorder (COPD), Finding 3, *id*.; that this impairment did not meet or equal the criteria of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Finding 4, *id*. at 16; that the plaintiff's allegations regarding her limitations were not totally credible, Finding 5, *id*.; that she had the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, to stand and walk for up to six hours in an eight-hour work day, and to stoop and crawl only occasionally and that she should avoid environmental extremes of temperature as well as fumes and dust, Finding 6, *id*.; that her past relevant work as a housekeeper, cook and personal care attendant did not require the performance of work-related activities precluded by her residual functional capacity, Finding 7, *id*.; and that, because she was not prevented from performing her past relevant work at the relevant time, she was not then under a disability as that term is defined in the Social Security Act, Findings 8-9, *id*.  The Appeals Council declined to review the decision, *id*. at 4-6, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 647 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge in this case reached Step 4 of the sequential process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work. 20 C.F.R. § 404.1520(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step the

commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service Rulings 1975-1982* ("SSR 82-62"), at 813.

## Discussion

The administrative law judge found that the plaintiff's "allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision." Record at 16. Counsel for the plaintiff contended at oral argument that the decision "lacks the preferable specificity" in discussing the plaintiff's credibility. Contrary to the assertion contained in the plaintiff's statement of errors, Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 12) at 3-4, the administrative law judge does provide an explanation, which is minimally adequate, of the reasons why he discounted the plaintiff's credibility. Thus, the administrative law judge recounted the plaintiff's testimony about things "that she can no longer do" and noted that she "complains of problems with shortness of breath but has been told several times that she needs to stop smoking[,]" and that she "has only rarely seen treatment providers for health problems" and failed to complete her work history report. Record at 14-15. In the absence of any indication in the plaintiff's written and oral submissions of the way in which the administrative law judge's conclusion about her credibility necessarily affected the outcome of her application, she takes nothing by this argument.

Counsel for the plaintiff devoted most of his oral argument to a contention that the administrative law judge was required to do something more to assist the plaintiff at the hearing than he did because she was unrepresented and chose to proceed without a representative after the administrative law judge advised her of her right to be represented. *Id.* at 235-36. He asserted that the administrative law judge should have made a stronger recommendation to the plaintiff that she

3

obtain counsel before proceeding, based on the way the plaintiff conducted herself and the fact that the report by James L. Jacobs, Ph.D., of his consultative psychological examination of the plaintiff indicated that she was possibly functioning in the low average to borderline level of intelligence. I do not agree with counsel's assertion that, based on the transcript of the hearing, "it is safe to say that what a lawyer could do for her escaped her," that she had a hard time understanding the proceedings or that the administrative law judge knew that the plaintiff had a limited ability to participate in and understand the proceedings. In fact, the plaintiff answered the administrative law judge's questions appropriately and I see no evidence that she had difficulty understanding the process or had a limited ability to participate. *Id.* at 236-50. The First Circuit requires proof of prejudice or unfairness attributable to self-representation in order to warrant remand on the basis of an allegedly ineffective waiver of the right to be represented in Social Security administrative hearings. *Evangelista v. Secretary of Health & Human Servs.*, 826 F.2d 136, 143 (1st Cir. 1987). No such proof is offered here, nor does the plaintiff attempt to make any showing that an attorney could and would have adduced specific evidence that might have altered the result. *See Steward v. Barnhart*, 222 F.Supp.2d 60, 63 (D.Me. 2002).

The plaintiff's next, related argument is that the administrative law judge was required to order follow-up psychological testing for her due to suggestions contained in Dr. Jacobs' report to the state disability determination service. Itemized Statement at 5-6. It is true that the administrative law judge has an additional responsibility when the claimant is unrepresented at the hearing, but that responsibility extends only to instances "where the claim itself seems on its face to be substantial, where there are gaps in the evidence necessary to a reasoned evaluation of the claim, and where it is within the power of the administrative law judge, without undue effort, to see that the gaps are somewhat filled[.]" *Heggarty v. Sullivan*, 947 F.2d 990, 997 (1st Cir. 1991). The plaintiff asserts

4

that the consulting psychologist's diagnosis of "R[ule] O[ut] . . . Borderline Intellectual Functioning," Record at 153, and statement that "[i]t's likely problems at work might come from cognitive issues. She presented as possibly functioning in the low average to borderline range of intellectual ability and further testing might better assess this component," *id*., "logically raises the question of a 12.05 issue regarding mental retardation," Itemized Statement at 6. She argues, *id*., that her mental condition raised issues "similar" to those in *Deblois v. Secretary of Health & Human Servs.*, 686 F.2d 76 (1st Cir. 1982), where the First Circuit upheld a remand to the secretary (now the commissioner) for expert testimony in the case of a claimant "obviously suffering from a severe mental disorder" who appeared without counsel, *id*. at 81.

The instant case is easily distinguishable from *Deblois*. Here, the plaintiff did not seek benefits based on a claim of mental retardation,[3] Record at 50 (list of "illnesses, injuries, or conditions that limit your ability to work" on plaintiff's disability report); 52, 63 (plaintiff wrote reports or performed similar duties in prior work); 55 (plaintiff completed high school); 71 (when asked to add physical or mental impairments since last disability report for purposes of appeal, no mention of any mental impairment), unlike the claimant in *Deblois*, 686 F.2d at 78 (claimant had been referred for psychiatric treatment, diagnosed as schizophrenic, existence of mental disorder confirmed in reports of treating psychiatrist). There is no suggestion in the transcript of the hearing, Record at 233-54, that the plaintiff was "obviously suffering from a severe mental disorder." In addition, a state-agency psychologist reviewed the very report on which the plaintiff now relies less than a month after it was written, *id*. at 150, 208, and found that the plaintiff had no severe mental impairment for purposes of her SSI claim, *id*. at 220, and that there was insufficient evidence of any mental impairment prior to the plaintiff's date last insured, *id*. at 208. The administrative law judge was

---

[3] The employees of the Social Security Administration who interviewed the plaintiff in person noted no difficulties with "understanding," (*continued on next page*)

entitled to rely on this evidence to conclude that the plaintiff did not suffer from severe depression at the time of her application, *id*. at 14, or at any time before the date last insured, in the absence of any records of any treatment for that condition. The report itself cannot reasonably be read to diagnose a mental impairment that was present before the date last insured, nor can the phrases on which counsel for the plaintiff has seized reasonably be construed to suggest mental retardation. In this case, the claim of mental retardation, not made before the administrative law judge, does not appear on its face to be substantial. The administrative law judge was not required to arrange for further mental testing of the plaintiff under the circumstances. *See also Hopkins v. Astrue*, 2007 WL 3023493 (D. Me. Oct. 12, 2007), at *4 (plaintiff alleging that administrative law judge had duty to further develop record on behalf of uncounseled claimant must show that, had administrative law judge done his duty, claimant could and would have adduced evidence that might have altered result).

Finally, the plaintiff argues that the administrative law judge's finding that she could return to her past relevant work as a housekeeper, cook and personal care attendant was not supported by substantial evidence because (i) the decision "makes no mention of" a hypothetical question posed to the vocational expert at the hearing by the administrative law judge that included limitations which the administrative law judge did not adopt and (ii) the residual functional capacity assessment completed by Dr. Donald Hall, on which the administrative law judge relied, "ignores the x-rays taken 9/26/01 indicating upper and mid dorsal spine degenerative changes[,]" an x-ray dated September 13, 2003 "indicat[ing] degenerative changes in [the plaintiff's] spine," and an "x-ray from 1/15/05 indicating degenerative disc disease at L4-5." Itemized Statement at 7-8. At oral argument, counsel for the plaintiff was unable to cite any authority for the proposition that an administrative law judge must mention in his or her written opinion every hypothetical question posed to a vocational expert during

---

"concentrating," "answering" or "coherency." Record at 47-48, 80.

6

the hearing and explain why any such question that did not include the limitations found by the administrative law judge to exist was "ignored," *id*. at 7. Indeed, it is quite obvious without further analysis that a hypothetical question posed to a vocational expert at hearing that included limitations not subsequently found by the administrative law judge to exist is not mentioned in the written opinion because the administrative law judge did not in fact adopt those limitations. No further explanation is required.

James H. Hall, M.D., completed a physical residual functional capacity assessment dated October 17, 2005, Record at 223-30, on which the administrative law judge relied, noting that Dr. Hall "determined the evidence prior to June 30, 2000 is not sufficient to even formulate a residual functional capacity evaluation[,]" *id*. at 14. It is not accurate to say that Dr. Hall "ignored" x-rays taken in September 2001, September 2003 and January 2005. He does not mention those x-rays specifically, but since the only time period relevant for purposes of the plaintiff's SSD claim is before her date last insured, June 30, 2000, *id*. at 15, none of those x-rays is relevant to the plaintiff's claim at issue in this proceeding. The fact that these x-rays apparently were read to show "degenerative" changes in the plaintiff's spine more than a year after the date last insured does not, and cannot, standing alone, require the administrative law judge to find that the plaintiff suffered from severe disc disease before the date last insured, a claim that apparently was not made in her application for benefits, *id*. at 12.

## Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting*

*memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*


Dated this 5th day of March, 2008.

/s/ David M. Cohen  
David M. Cohen  
United States Magistrate Judge
